NATIONWIDE INS. CO., APPELLANT, *v.* STEIGERWALT, APPELLEE.

88

(No. 69-172—Decided February 4, 1970.)

*Mr. Harry A. Sargeant, Jr.*, for appellant.
*Mr. Thomas B. Hayes*, for appellee.

DUNCAN, J.   Before crossing the threshold into a discussion of the specific question presented, it is germane to assemble the fact components of this case in such an orderly fashion that applicable past decisions of this court can be examined as they relate to this inquiry.

The rights of both Zweily and Nationwide arise from an auto-truck collision on February 20, 1964.   According to our decision in the case *Rush* v. *Maple Heights*, 167 Ohio St. 221 (overruling paragraph four of the syllabus of *Vasu* v. *Kohlers, Inc.*, 145 Ohio St. 321), Zweily has but one cause of action for both personal injuries and property damage resulting from Steigerwalt's alleged wrongful act.

The interest of Nationwide in the cause of action was received pursuant to an assignment from Zweily.   In accordance with a subrogation clause of their insurance contract Zweily assigned to Nationwide a part of his cause of action upon payment by the insurer of the nondeductible portion of his claim against defendant Steigerwalt.   Simply stated, Zweily has one cause of action, a part of which he assigned to Nationwide.

This court has held that, for the limited purpose of prosecution, a single cause of action may be *divided* to the extent that an insurer, subrogated to a part of a claim assigned by an insured, may prosecute its claim in a sepa-

rate action against the tortfeasor. *Hoosier Casualty Co.*
v. *Davis,* 172 Ohio St. 5.

The *Hoosier Casualty case* dictates that the cause of
action in the instant (Nationwide) case, for the purpose of
prosecution, is separate from that in the *Zweily case.* The
traditional ingredients necessary to give rise to the bar
aspects of the doctrine of *res judicata* are absent. See
*Whitehead* v. *General Tel. Co.,* 20 Ohio St. 2d 108; *Norwood*
v. *McDonald,* 142 Ohio St. 299; *Charles A. Burton, Inc.,* v.
*Durkee,* 162 Ohio St. 433; *Henderson* v. *Ryan,* 13 Ohio St. 2d
31, at 33. The authorities well chronicle the utilization of
an aspect of *res judicata*—collateral estoppel—to prevent
relitigation of issues litigated and determined between the
*parties* and their *privies,* although the causes of action are
separate. *Whitehead* v. *General Tel. Co., supra; Conold* v.
*Stern,* 138 Ohio St. 352; *Schimke* v. *Earley,* 173 Ohio St. 521.

Are Zweily and Nationwide in privity herein? We be-
lieve that they are.

To the contrary, paragraph seven of the syllabus of
*Vasu* v. *Kohlers, supra,* states, regarding privity:

"Parties in privy, in the sense that they are bound by
a judgment, are those who acquired an interest in the sub-
ject matter after the beginning of the action or the rendi-
tion of the judgment; and if their title or interest attached
before that fact, they are not bound unless made parties."

This narrow view has its authority. Restatement of
the Law, Judgments, 433, Section 89, comment c, e and f;
2 Black on Judgments (2 Ed.), 830, Section 549. We believe
that the doctrine of privity is not limited to the narrow
concept stated in paragraph seven of the syllabus in *Vasu.*

A better rule is that the acquisition of an interest in
a cause of action can arise at any time after the cause of
action arises, depending upon the circumstances or upon
the agreement of the parties. To hold that privity in an
insurance subrogation case can arise only after a lawsuit
is begun attaches a magic date for the creation of the
relationship, without a responsible legal or equitable pur-
pose, and forecloses the concept of privity without a law-
suit. Privity arises between an insurer and an insured
according to the contract terms and performance. *Cf.* 1

Freeman on Judgments (5 Ed.), 975, Section 445, n. 16. Nationwide's petition alleges that Zweily's property damage was paid under the insurance contract and that it became subrogated for the amount paid. These facts pleaded reveal privity.

Although both Zweily's case and Nationwide's case were pending in the same court, which was known by defendant prior to the trial of the *Zweily case,* defendant did not act to join Nationwide and Zweily, or to consolidate the cases for trial.

Can a defendant, who has failed to join parties in privity, or who has failed to consolidate cases of those parties in privity who are prosecuting separate causes of action against him, of which he has knowledge, use any aspect of the doctrine of *res judicata* to bar a lawsuit prosecuted by a subrogated assignee-insurer when he (defendant) has previously prevailed in the cause of action brought by the assignor?

In *Hoosier Casualty Co.* v. *Davis, supra* (172 Ohio St. 5), this court held that "where only a part of a property damage claim is paid by the insurer and it becomes subrogated to only a part of the claim against the tort-feasor, such tort-feasor may require either the assignor or the subrogee to be made a party to an action brought against him by the other." In a concurring opinion in that case, Taft, J., said, at page 11, "* * * in the instance specified in paragraph two of the syllabus of this case, a single cause of action may always in effect be split so as to subject the tort-feasor to the *necessity of defending on the merits* more than one action based upon the single cause of action." Further, at page 12 he stated that "where, as in the instant case, the one, against whom that single cause of action may be asserted, has knowingly waived his right to avoid an action based upon assertion of only a part of that cause of action by the owner of that part, such one cannot later question the assertion in a separate action of the remaining part of that claim by the owner of such remaining part. That is the situation in this case * * *.
"* * *

"However, if at the first opportunity to do so, either in an action by the insured or one by the insurer-subrogee, the tort-feasor does not require that both the insurer-subrogee and insured be parties to an action to enforce part or all of the insured's single cause of action, then the tort-feasor may thereby waive his right to subsequently require their joinder as parties in an action by either to enforce his interest in that single cause of action."

The *Hoosier Casualty case* and the case at bar, as relevant to this discussion, differ in that in the former the insured's claim was settled, whereas in the instant case the trial resulted in a judgment for the defendant. Nevertheless, the cases are comparable, since in neither case did the defendant avail himself of the first opportunity to act to avoid prosecution of the separate actions. The significant time for defendant to act in order to prevent separate actions was before settlement (Hoosier Casualty) or before judgment (Zweily). The fact that there were no issues litigated and determined in the *Hoosier Casualty case* did not prevent the opportunity of defendant from avoiding the vexation of the prosecution of separate suits by joinder of parties or a consolidation of the cases. Likewise in the instant case the defendant had the option to avoid separate suits.

In 1964, this court decided *Shaw* v. *Chell*, 176 Ohio St. 375. In that case, the insured and his insurer sued the defendant for property damage, resulting in a judgment for the plaintiff and against the insurer. Before trial of that action, plaintiff filed suit against defendant for personal injuries. Paragraph three of the syllabus, reads:

"Where an action to recover for personal injuries caused by the negligence of a defendant is commenced by a plaintiff and service of summons is made therein on the defendant before trial of a separate action by plaintiff to recover for property damage caused by the same negligence, (1) the defendant can amend his answer in the property damage action so as to allege that the personal injury action is pending and is another action pending between the same parties for the same cause, (2) the defendant, by failing to so amend his answer before judgment is rendered in the

property damage action, waives his right to object and thereby consents to the plaintiff's splitting of his single cause of action, and (3) the defendant cannot thereafter plead a judgment for the plaintiff in the property damage action as a bar to the personal injury action."

Inasmuch as the *waiver* concept is broad enough to permit defendant's failure to act to allow the same plaintiff *two* lawsuits on *one* cause of action, it reasonably follows that defendant, by the same omission, can permit prosecutions of *separate* causes of action by those in privity. The fact that the plaintiff in the *Shaw case* was successful in the case first tried has no distinguishing impact on the waiver doctrine.

We believe that Zweily and Nationwide are in privity, but defendant, by his failure in the *Zweily case* to utilize Sections 2307.05, 2307.20, 2309.08(D) or 2309.10, Revised Code, to urge a joinder of parties or consolidation of cases, waived his right to a judgment on the pleadings based either upon the theory that Nationwide is barred from prosecuting this action, or is estopped from relitigating the issues litigated and determined in the *Zweily case.* See footnote, *Hoosier Casualty Co.* v. *Davis*, 172 Ohio St. 5, at pages 11 and 12.

A review of the Ohio authorities cited herein, and those in other states, attests the troublesome experience courts have had with litigation resulting from one occurrence which involves multiple parties, causes of action, and lawsuits. We are aware that the result reached in this case could possibly result in recovery for an assignee where the assignor has failed. Although such a result lacks logic, there is merit in preserving the orderly nature of the practice in this state. In view of the former decisions of this court and the facts of this case, we believe that this result is justified.

The judgment of the Court of Appeals is reversed.

*Judgment reversed.*

MATTHIAS, O'NEILL, SCHNEIDER, HERBERT and CORRIGAN, JJ., concur.

**94**

TAFT, C. J. I concur in the syllabus except the part of paragraph three after the word "assignee-insurer" and dissent from the judgment for the reason that the judgment for defendant in the action by the assignor bars the assignee-insurer from relitigating any issue necessarily determined in favor of that defendant by that judgment. In my opinion, the failure of a defendant, to insist upon not having a single cause of action asserted against him in two actions, should not prevent him from relying upon the judgment in one action as an estoppel against relitigation, by one in privity with a party to that judgment, of issues necessarily determined against such party by that judgment.