FOREMOST INSURANCE COMPANY *v.* WALTERS.

(No. 386128—Decided November 24, 1975.)

Franklin County Municipal Court.

*Mr. Alan L. Briggs*, for plaintiff.
*Mr. Stanley L. Meyers*, for defendant.

WEST, J. Plaintiff, Foremost Insurance Company, paid its insured, Harold Evansky, for damage to his motorcycle, medical expenses and loss of earnings as the result of injuries and damages allegedly caused by negligent operation of an automobile by the defendant Virgil E. Walters.

Foremost Insurance claims it is subrogated to its insured's rights to the extent of the payment made under the terms of its policy.

The defendant asks for summary judgment as to the

subrogation claim for medical expenses and loss of earnings on the ground that these, along with other items, constitute a personal injury cause of action which may not be split under Ohio law. For the purpose of this motion for partial summary judgment the defendant concedes there are no genuine issues as to any material fact respecting the subrogation claim for medical expenses and lost earnings and that there is only a question of law to be decided.

This suit on the subrogation claim was filed May 8, 1974. Nearly a year later, on March 4, 1975, plaintiff's insured filed suit in Franklin County Common Pleas Court against the defendant Virgil E. Walters for his personal injuries, medical expense and loss of earnings.

Ultimately the Ohio Supreme Court must decide the issue involved here. The Court of Appeals for Mahoning County in *Nationwide Mut. Ins. Co.* v. *De Jane* (1974), 42 Ohio App. 2d 11, has held the subrogation of medical payments by the insured to the insurer under an automobile insurance policy may not be permitted as this would result in splitting a cause of action.

An opposite result was reached by the Court of Appeals for Hamilton County in *Hartford Accident Co.* v. *Elliott* (1972), 32 Ohio App. 2d 281. This latter case concurs with the well reasoned opinion of Judge Reed of the Akron Municipal Court in *Travelers Ins. Co.* v. *Lutz* (1964), 3 Ohio Misc. 144.

In cases involving property damage subrogation the Ohio Supreme Court has held that for the limited purpose of prosecution of a claim under a policy of automobile insurance, a single cause of action may be divided to the extent that the insurer, subrogated to a part of a claim assigned by the insured, may prosecute its claim in a separate action against the tortfeasor. *Nationwide Ins. Co.* v. *Steigerwalt* (1970), 21 Ohio St. 2d 87; *Hoosier Casualty Co.* v. *Davis* (1961), 172 Ohio St. 5.

There is no reason to discriminate between personal injury subrogation and property damage subrogation. Where a person suffers both personal injuries and property damage as a result of the same wrongful act, only a

single cause of action arises, the different injuries occasioned thereby being separate items of damage from such act. *Rush* v. *Maple Heights* (1958), 167 Ohio St. 221.

At common law a cause of action for personal injury did not survive a decedent and assignment of such a cause of action was prohibited to prevent champerty and maintenance. However, the Ohio Legislature, in 1953, enacted R. C. 2305.21 to provide that causes of action for injuries to the person shall survive. In 1970, the Legislature enacted R. C. 3937.18(C), entitling an insurer paying a claim for injury under uninsured motorist coverage to the proceeds of any settlement or judgment resulting from the exercise of rights of recovery for such injury against the one responsible for it.

Insurance subrogation arises under contract and is unlike ordinary assignment which is available to a volunteer, so the feared evils of champerty and maintenance are not present.

There is no question that permitting insurers to become subrogated to part of an insured's claim for personal injuries and also to part of his claim for property damages can be troublesome resulting in multiple suits and multiple parties.

It is in the public interest to have all interested parties and all damages of every kind litigated in a single action. It was in part toward this end that the Modern Courts Amendment to the Ohio Constitution was proposed in a Joint Resolution adopted March 1, 1968, by the Ohio General Assembly and approved by the electorate on May 7, 1968. Under the mandate of the Modern Courts Amendment the Supreme Court formulated the Rules of Civil Procedure, submitted them to the Ohio General Assembly and they took effect July 1, 1970.

The Civil Rules are to be construed and applied to effect just results by eliminating delay, unnecessary expense and all other impediments to the expeditious administration of justice. Civ. R. 1(B). If the defendant had true concern about defending separate suits he had nearly a year to invoke the protection of Civ. R. 19 which provides

for joinder of a person required for a just adjudication. The language of this rule makes joinder mandatory but the defendant here, by reason of the provision of Civ. R. 12 (H), is deemed to have waived his objection as he failed to assert the defense in a responsive pleading or by motion in accordance with Civ. R. 12(B) (7).

This court holds that where a person suffers both personal injuries and property damage as a result of the same wrongful act, only a single cause of action arises but a part of that cause of action may be subrogated under the terms of a motor vehicle insurance policy to the extent an insurer reimburses an insured for such personal injuries and property damage and the insurer may prosecute its claim in a separate action against the tortfeasor.

Defendant's motion for summary judgment is overruled.

In accordance with Civ. R. 56(D), the court has examined the stipulations properly before it upon defendant's motion for summary judgment and finds the material facts with respect to plaintiff's subrogation rights by reason of payment to its insured for medical expense and income loss are not in controversy. This will limit the trial of the case to the issues of liability and those with respect to the alleged property damage and subrogation therefor.

*Judgment accordingly.*