SMITH ET AL., APPELLEES, *v.* TRAVELERS INSURANCE CO., APPELLEE.█

[Cite as Smith v. Travelers Ins. Co. (1976), 50 Ohio App. 2d 349.]

(No. 76AP-247—Decided August 10, 1976.)

*Mr. Philip Q. Zauderer,* for appellees.
*Messrs. McNamara & McNamara, Mr. John L. Miller* and *Mr. William H. Woods,* for appellant.

HOLMES, J. This matter involves the appeal of a judgment for the plaintiffs in an action brought against the defendant insurer because the insurance company had refused to pay a medical expense claim submitted by the plaintiffs. The basis of the refusal to pay the claim was that the plaintiff insured had violated the subrogation provisions of the insurance policy, and had also violated the terms of the subrogation agreement entered into in accordance with such subrogation policy provision.

The basic facts upon which this appeal rests are that on August 27, 1970, plaintiff-appellee Irene Smith was involved in an automobile accident with a vehicle operated by one George Board. At the time of the accident the plaintiff's vehicle was insured by appellant Travelers Insurance

Company, and the vehicle operated by Mr. Board was insured by Globe-American Insurance Company. As a result of such accident, Mrs. Smith sustained certain injuries, was given medical treatment, and incurred medical expenses in the approximate sum of $1,452.

Within one year from the date of the accident, Mrs. Smith submitted to defendant Travelers Insurance Company proof of medical expenses incurred. Such proof of medical expenses was pursuant to the requirements of the insurance policy, which specific provision is as follows:

"Coverage C—Medical Payments

"The company will pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, X-ray and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services:

"Division 1. To or for the named insured and each relative who sustains bodily injury, caused by accident, (a) while occupying the owned automobile * * *."

The provision of coverage C, medical payments, within the policy is subject to the following conditions set forth in such policy:

"30. Subrogation.

Parts I, II, III, and V

"In the event of any payment under this policy, the company shall be subrogated to all the insured's rights of recovery therefor against any person or organization and, with respect to Part II, all the rights of recovery therefor which the injured person or any one receiving such payment may have against any person or organization. The insured, or with respect to Part II such person, shall execute and deliver instruments and papers, do whatever else is necessary to secure such rights and shall do nothing after loss to prejudice such rights."

Further, on or about June 1, 1971, pursuant to the subrogation condition of the policy, Mrs. Smith executed a subrogation agreement, which provided as follows:

"The Company is subrogated to the right of recovery of the undersigned, to the extent of the payment made,

against any person or organization. The undersigned has not done, nor will he do, anything to prejudice such rights.

"This agreement does not apply to any policy issued in any state where such provision would be invalid as a matter of law, or to any policy which does not specifically set out the right of subrogation of the Company in the conditions of the policy."

Mrs. Smith made claims against George Board for her damages, including medical expenses, resulting from the automobile accident, and in July 1971, Globe-American, the insurer for Mr. Board, paid Mrs. Smith the sum of $4,500 in settlement of her claim for personal injuries and medical expenses, and Globe-American obtained from Mrs. Smith a release of Globe-American and Mr. Board from any liability arising from the accident on August 27, 1970.

Travelers, after becoming aware of the settlement with Globe-American, refused to pay Mrs. Smith for the medical expenses claimed, on the basis that Mrs. Smith had prejudiced Travelers' right of subrogation as against the tortfeasor. The trial court found in favor of the plaintiffs in the amount of $1,000 plus costs, and the defendant Travelers Insurance Company filed this appeal, assigning the following error:

"Defendant, Travelers Insurance Company, for its statement of the assignment of error, states that the trial court incorrectly held that plaintiffs are entitled to recover expenses for medical services after plaintiffs have settled and released the tortfeasor so as to prevent subrogation by plaintiffs' insurer under the Medical Payment Subrogation Clause of the policy."

The trial court in its decision recognized that there were two basic lines of authority in Ohio on the issue presented here, as to whether there could be subrogation of the right to recover medical expenses, which has generally been thought of as being part of personal injury expenses, in the same manner that Ohio courts have permitted the subrogation for property damage. The trial court, after reviewing the comparative analysis of the law as set forth in *Hartford Accident & Indemnity Co.* v. *Elliott* (1972), 32

Ohio App. 2d 281, Hamilton County Court of Appeals and *Nationwide Mut. Ins. Co.* v. *DeJane* (1974), 42 Ohio App. 2d 11, Mahoning County Court of Appeals, accepted the holding in the latter to the effect that medical payments were only a part of total personal injury claims. Being such, the court held, they presented a single cause of action and could not be split by way of subrogation. Thence, the court denied the defense as presented by the defendant insurance company herein based on the subrogation clause within the policy.

The Supreme Court of Ohio, in the cases of *Nationwide Ins. Co.* v. *Steigerwalt* (1970), 21 Ohio St. 2d 87, and *Hoosier Casualty Co.* v. *Davis* (1961), 172 Ohio St. 5, approved of the philosophy of division of a single cause of action to the extent that an automobile insurer could be subrogated to a part of a personal property damage claim assigned by its insured. Accordingly, paragraph two of the syllabus of *Steigerwalt* states as follows:

"For the limited purpose of prosecution of a claim under a policy of automobile insurance, a single cause of action may be *divided* to the extent that the insurer, subrogated to a part of a claim assigned by the insured, may prosecute its claim in a separate action against the tortfeasor. (*Hoosier Casualty Co.* v. *Davis*, 172 Ohio St. 5, approved and followed.)"

It is our view that the *Steigerwalt* decision is controlling in the present case. *Steigerwalt* holds that a single cause of action may be divided to the extent that an automobile insurer may be subrogated to a part of the claim assigned by the insured, and may assert its claim in a separate action. Here, although the defendant is asserting its subrogated claim as a defense in the present case, the basic legal proposition remains the same.

Further, we hold that although the *Steigerwalt* case does involve a subrogated property damage claim by the insurer, the syllabus is not limited to property damages, but may also be applied to medical payments that have been subrogated, as in the instant case.

The court, in *Nationwide Mut. Ins. Co.* v. *DeJane,*

*supra* at 17, took the position that by not permitting subrogation of medical expenses it was preserving the "orderly nature of practice in this state by following the rule that one cannot split a cause of action," and that by so doing would "avoid multiplicity of suits and benefit the insured public and the public at large." Such position was based upon the basic premise as alluded to previously that: "Property damage may be a distinct and separate item, arising from a claim in tort, but a medical expense payment is not such a distinct and separate item, for it is a part of the subtotal along with other items that make up the distinct and separate item of a personal injury claim." (Page 16.)

The Court of Appeals for Hamilton County, in deciding *Hartford* v. *Elliott, supra,* felt differently than the Mahoning County Court of Appeals, feeling that there in fact should be no distinction made in the reimbursing of the insured for money spent for property damage and that spent for medical expenses and, so stating, allowed subrogation in a case where there was a claim for medical expenses.

We feel that the latter position, as taken by the Hamilton County Court of Appeals, in *Elliott,* is the more reasonable view, and one which would express the better public policy in regard to an insured assigning his rights in an injury claim for medical expenses, as well as in the instance of assigning to the insurance company subrogee his interests in a property damage situation. We feel that the subrogee, upon such assignment, would become the real party in interest and have the right to maintain an action in the name of the subrogee against the tortfeasor for damages sustained to personal property of the insured, as well as for personal medical expenses suffered by the insured.

It is our view that the *DeJane* decision in effect has attempted to carve out an exception to the rule stated by the Ohio Supreme Court in the *Steigerwalt* case that it was legally permissible to split causes of action in Ohio, and that a single action may be divided to the extent that an

automobile insurer may be subrogated to a part of the claim assigned by its insured. Further, it is our view that the rule as expressed in *Elliott* is the better policy from the standpoint of the public at large in that the basic rule as announced therein, and adopted here, would result in the insured party being reimbursed only once for his injuries, and then permitting the action over by the subrogee as against the one occasioning the damage. We believe that the net long range effect of such an arrangement could well be a lowering of the amount of premium paid for this type of insurance coverage.

Parenthetically, it should be pointed out that the rights and obligations of the insured and the insuring company were established by the subrogation provisions within the insurance agreement, and the execution of the later subrogation agreement by the insured does not add to the defenses of the insurer in our determination here.

Therefore, based on all of the foregoing, the assignment of error of the defendant-appellant is hereby sustained, and the judgment of the Franklin County Municipal Court is hereby reversed and this matter is remanded to such court for further proceedings according to law and in accordance with this decision.

*Judgment reversed.*

STRAUSBAUGH, P. J., and McCORMAC, J., concur.