OPINION
{¶ 1} Ray and Dionna Mikles appeal from the trial court's entry of summary judgment against them on their complaint seeking relief for alleged violations of the Ohio Consumer Sales Practices Act and the federal Magnuson-Moss Warranty Act. In their sole assignment of error, the Mikles contend the trial court erred in finding their claims against appellees Sears, Roebuck Co. ("Sears") and Pinnacle Heating and Cooling, Inc. ("Pinnacle"), barred by res judicata.
 {¶ 2} The record reflects that the Mikles contracted with Sears for installation of an air conditioner, and Sears subcontracted the work to Pinnacle. Immediately after installation, the Mikles' house caught fire where the work had been performed, resulting in damages exceeding $28,000. The Mikles submitted a claim to their own insurance company, State Farm, which partially covered the loss. State Farm then filed a subrogation action against Sears and Pinnacle, seeking to recover the payment it had made to the Mikles. In their answers to the subrogation complaint, Sears and Pinnacle asserted State Farm's failure to join a necessary party as an affirmative defense. State Farm then settled with Sears and Pinnacle. The trial court dismissed the subrogation action with prejudice on March 12, 2003, noting that the matter had been "fully compromised and settled between the parties[.]"
 {¶ 3} The Mikles filed the present action against Sears and Pinnacle on May 15, 2003, seeking relief under the statutes identified above. Sears and Pinnacle raised res judicata as an affirmative defense and separately moved for summary judgment on that basis. On June 30, 2003, the trial court sustained Sears' motion. Thereafter, on July 25, 2003, the trial court overruled a motion for reconsideration as to its ruling on Sears' motion and also sustained Pinnacle's summary judgment motion. In support of its rulings, the trial court noted that the Mikles were in privity with State Farm, their insurer. As a result, the trial court concluded that State Farm's settlement with Sears and Pinnacle had res judicata effect as to the Mikles' claims in the present case. In reaching this conclusion, the trial court rejected an argument that Sears and Pinnacle had waived their res judicata defense by not requiring joinder of the Mikles as parties to State Farm's subrogation action.
 {¶ 4} In their assignment of error, the Mikles contend the trial court erred in finding their claims against Sears and Pinnacle barred by res judicata. In support, they argue that Civ.R. 19 obligated the trial court or Sears and Pinnacle to ensure that they were joined as parties to State Farm's subrogation action. Given that Sears and Pinnacle settled the subrogation action without insisting on joinder of the Mikles as parties, the Mikles argue that Sears and Pinnacle waived their ability to assert res judicata in the present case.
 {¶ 5} Upon review, we find the foregoing argument to be unpersuasive. Under the doctrine of res judicata, "a valid, final judgment bars all subsequent actions based on any claim arising out of the transaction or occurrence that was the subject matter of the prior action." Grava v. Parkman Twp., 73 Ohio St.3d 379,1995-Ohio-331. This doctrine applies not only to parties to a prior action but also to those in privity with them. Brown v.Dayton, 89 Ohio St.3d 245, 247, 2000-Ohio-148; Johnson'sIsland, Inc. v. Bd. of Twp. Trustees of Danbury Twp. (1982),69 Ohio St.2d 241, 244. In the present case, the Mikles do not dispute that a valid, final judgment exists in State Farm's subrogation action against Sears and Pinnacle. The Mikles also do not dispute that their claims arise out of the same transaction or occurrence that was the subject matter of State Farm's subrogation action. Nor do the Mikles dispute the trial court's finding that they were in privity with State Farm. Privity exists because the Mikles and State Farm were in a subrogor-subrogee relationship. See, e.g., Ohio Dept. of Human Serv. v. Kozar
(1995), 99 Ohio App.3d 713, 717 (observing that "a subrogee is in privity with its subrogor under the res judicata doctrine");Nationwide Ins. Co. v. Steigerwalt (1970), 21 Ohio St.2d 87, 91
("Nationwide's petition alleges that Zweily's property damage was paid under the insurance contract and that it became subrogated for the amount paid. These facts pleaded reveal privity."). Given the existence of privity between the Mikles and State Farm and the fact that the Mikles' claims arose out of the same transaction or occurrence as did State Farm's subrogation action, it follows that the Mikles' claims against Sears and Pinnacle are barred by res judicata.
 {¶ 6} The only issue on appeal is whether Sears and Pinnacle waived their res judicata defense in this case by failing to ensure that the Mikles were joined in State Farm's subrogation action. As noted above, Sears and Pinnacle raised the issue of State Farm's failure to join a necessary party in their answers to the subrogation complaint. In so doing, Sears and Pinnacle complied with Civ.R. 12(B)(7), which provides that the defense of failure to join a party under Rule 19 (permissive joinder) or Rule 19.1 (compulsory joinder) may be asserted in a responsive pleading or raised by motion. In turn, Civ.R. 19(A) governs the actual joinder of persons needed for a just adjudication. Under that rule, if a necessary person has not been joined, "the court shall order that he be made a party upon the timely assertion of the defense of failure to join a party as provided in Rule 12(B)(7)." The rule also provides that the defense of failure to join a party is waived if not timely asserted under Civ.R. 12(B)(7).
 {¶ 7} In the present case, however, Sears and Pinnacle properly raised the Civ.R. 12(B)(7) defense by asserting it in their answer to State Farm's subrogation complaint. Therefore, the defense was not waived. Contrary to the Mikles' argument on appeal, nothing in Civ.R. 19 obligated Sears and Pinnacle to move for their joinder or to ensure that the trial court joined them as parties to the subrogation action. To the contrary, upon assertion of the Civ.R. 12(B)(7) defense by Sears and Pinnacle, Civ.R. 19(A) obligated the trial court to join the Mikles as parties to the subrogation action. The trial court's failure to do so does not mean that Sears and Pinnacle failed to raise the issue and waived the defense of res judicata in this case.
 {¶ 8} The Mikles also cite Civ.R. 19(C), which provides: "A pleading asserting a claim for relief shall state the names, if known to the pleader, of any [necessary persons] * * * who are not joined, and the reasons why they are not joined." State Farm's subrogation complaint referred to Ray Mikles as the insured subrogor but did not specifically identify either of the Mikles as necessary parties or state why they were not joined to the subrogation action. Nevertheless, even if State Farm failed to comply with Civ.R. 19(C), this fact has no bearing on whether Sears and Pinnacle properly raised the Civ.R. 12(B)(7) defense by asserting it in their answers to State Farm's subrogation complaint. As explained above, Sears and Pinnacle did properly raise the joinder issue.
 {¶ 9} Finally, the Mikles cite Steigerwalt, supra, which was decided prior to the adoption of the Ohio Rules of Civil Procedure, to support their claim that Sears and Pinnacle waived res judicata as a defense by failing to ensure that they were joined as parties to State Farm's subrogation action. Upon review, we find Steigerwalt to be distinguishable. InSteigerwalt, the Ohio Supreme Court recognized that a tortfeasor may face separate suits by an insured and a subrogated insurer if the tortfeasor waives res judicata by failing to raise the issue of joinder. In that case, the tortfeasor never urged joinder by raising the issue in his answer or otherwise bringing it to the trial court's attention. Unlike the tortfeasor inSteigerwalt, Sears and Pinnacle raised the joinder issue in their answer to State Farm's subrogation complaint and, in so doing, satisfied the obligation imposed on them by Civ.R. 12(B)(7). As a result, we find no merit in the Mikles' argument that Sears and Pinnacle waived their ability to assert res judicata in the present case.[1]
 {¶ 10} Based on the reasoning set forth above, we overrule the Mikles' assignment of error and affirm the judgment of the Montgomery County Common Pleas Court.
Judgment affirmed.
Wolff, J., and Grady, J., concur.
[1] On appeal, the Mikles criticize the trial court for failing to indicate how they could have protected themselves from the application of res judicata given their lack of actual knowledge of the subrogation action and the trial court's failure to join them to the subrogation action as required by Civ.R. 19. Although we recognize that events in the subrogation action left the Mikles in a vulnerable position, they potentially could have avoided the application of res judicata in this case by (1) filing a post-judgment motion to intervene in the subrogation action pursuant to Civ.R. 24 after becoming aware of that lawsuit and then (2) filing a Civ.R. 60(B) motion in the subrogation action, seeking relief from judgment based on the trial court's failure to join them as parties, as required by Civ.R. 19, after Sears and Pinnacle asserted the Civ.R. 12(B)(7) defense. See, e.g., Likover v. City of Cleveland (1978), 60 Ohio App.2d 154,159 (stating that post-judgment intervention, although rarely allowed, may be permitted when it is "the only way to protect the intervenor's rights"); State ex rel. First New Shiloh BaptistChurch v. Meagher, 82 Ohio St.3d 501, 503-504, 1998-Ohio-192
(recognizing the possibility of post-judgment intervention). Although we express no opinion on the merits of the issue, State Farm also conceivably may have had some obligation to ensure that the Mikles, as subrogors, were joined as parties to its subrogation action. Finally, we pass no judgment as to whether the Mikles still might be able to file a post-judgment motion to intervene in State Farm's subrogation action and then move for Civ.R. 60(B) relief.