OPINION
{¶ 1} Defendants-appellants, Premier Transportation Service, Inc. ("Premier") and Ricky Logan, appeal the grant of summary judgment in the Butler County Court of Common Pleas in favor of plaintiff-appellee, Nationwide Mutual Fire Insurance Company ("Nationwide").[1] We affirm the decision of the trial court.
 {¶ 2} On July 30, 2001, Mark Butterfield was injured in an accident caused by the negligence of Logan, an employee of Premier. Logan was working within the scope of his employment when the accident occurred. Nationwide was Butterfield's insurer. In August and September, Nationwide issued checks totaling $23,658.80 to Butterfield and his attorney jointly for property damage losses incurred as a result of the accident. Nationwide paid an additional $1,179.17 to Butterfield and his attorney for Butterfield's medical expenses.
 {¶ 3} On October 15, 2001, Butterfield and his wife, Nicole, filed suit in the Butler County Court of Common Pleas against Premier and Logan seeking to recover damages for personal injuries that resulted from the accident. Shortly thereafter, appellants filed their answer which included an affirmative defense which stated, "Plaintiffs have failed to join necessary and indispensable parties as required by Rule 19 and/or Rule 19.1 of the Ohio Rules of Civil Procedure." Nationwide was unaware of the Butterfields' suit.
 {¶ 4} In early 2002, Nationwide contacted Premier to notify it of Nationwide's subrogated interest. Premier referred Nationwide to Premier's claims service, W.E. Love Associates. During the course of the year, Nationwide and W.E. Love 
Associates discussed settling Nationwide's claim.
 {¶ 5} In June 2003, the Butterfields and appellants entered into a settlement agreement. The agreement included language stating that it was intended to resolve all of Butterfields' claims against appellants and to cover any damages resulting from the accident. The Butterfields warranted that they had not granted a subrogated interest or in any way transferred their rights to any portion of their claim. When the agreement was entered, however, the Butterfields had already received payments for both property damage and medical expenses from Nationwide. The Butterfields' suit was voluntarily dismissed with prejudice.
 {¶ 6} On July 7, 2003, Nationwide filed the present action against appellants to recover the amount of its subgrogated claim. Appellants informed Nationwide of the Butterfield settlement agreement. They asserted that the claim had already been determined, and Nationwide was precluded from pursuing the cause of action against them based upon the doctrine of res judicata. Nationwide amended its complaint to include the Butterfields as defendants.
 {¶ 7} Appellants moved for summary judgment, asserting that Nationwide should have raised its property damage claim in the Butterfields' suit under Civ.R. 19(A)(3), ("persons to be joined if feasible") and that it was now precluded from doing so by res judicata. Nationwide filed a cross-motion for summary judgment on the basis that appellants waived the right to assert res judicata as a defense because they had waived the Civ.R. 12(B)(7) defense of failure to join a necessary party.[2] The trial court granted summary judgment in favor of Nationwide, finding that appellants waived the Civ.R. 12(B)(7) defense. Appellants now appeal raising a single assignment of error:
 {¶ 8} "THE TRIAL COURT ERRED IN DENYING THE MOTION FOR SUMMARY JUDGMENT OF PREMIER TRANSPORTATION SERVICES AND GRANTING THE CROSSM-OTION FOR SUMMARY JUDGMENT OF NATIONWIDE MUTUAL FIRE INSURANCE COMPANY."
 {¶ 9} In the assignment of error, appellants argue that the trial court erred when it found that they had waived the right to preclude appellee's claim under the doctrine of res judicata. Appellants assert that the settlement between themselves and the Butterfields should bar Nationwide's separate cause of action to recover payments for property damage.
 {¶ 10} An appellate court reviews a trial court's decision on a summary judgment motion de novo. Burgess v. Tackas (1998),125 Ohio App.3d 294, 296. The trial court's judgment is reviewed independently and without deference to its determination. Id.
 {¶ 11} Civ.R. 56(C) provides in part that summary judgment shall be rendered where (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to only one conclusion, and that conclusion is adverse to the party against whom the motion is made, who is entitled to have the evidence construed most strongly in its favor. See, also, Harless v.Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66.
 {¶ 12} After reviewing the record, we find that appellants did not assert their affirmative defense of nonjoinder that would provide protection from Nationwide's claim under res judicata. Under the doctrine of res judicata, "a valid, final judgment bars all subsequent actions based on any claim arising out of the transaction or occurrence that was the subject matter of the prior action." Grava v. Parkman Twp., 73 Ohio St.3d 379, 382, 1995-Ohio-331. Res judicata operates as a complete bar to any subsequent action on the same claim or cause of action between the parties and those in privity with them. Brown v. Dayton,89 Ohio St.3d 245, 247, 2000-Ohio-148, citing Johnson's Island,Inc. v. Bd. of Twp. Trustees of Danbury Twp. (1982),69 Ohio St.2d 241, 244. Privity exists in a subrogor-subrogee relationship. See Nationwide Ins. Co. v. Steigerwalt (1970),21 Ohio St.2d, 87, 91.
 {¶ 13} Appellants first argue that all claims for damages that result from a single occurrence must be asserted in a single cause of action. Appellants cite Rush v. City of Maple Heights
(1958), 167 Ohio St. 221, for the general principle that a plaintiff is prohibited from filing multiple claims that arise from a single cause of action. In Rush, the plaintiff sought to recover for personal injuries stemming from a motorcycle accident. The Ohio Supreme Court held that the plaintiff was precluded from raising the personal injury action because she had already brought action and recovered judgment in municipal court for property damage sustained in the same accident.
 {¶ 14} However, the Ohio Supreme Court recognized an exception where splitting claims arising from a single cause of action is permissible. The court stated that an "insurer, subrogated to a part of a claim assigned by the insured, may prosecute its claim in a separate action against the tortfeasor."Nationwide v. Steigerwalt at paragraph two of the syllabus, approving and following Hoosier Casualty Co. v. Davis (1961),172 Ohio St. 5.
 {¶ 15} In Steigerwalt, the insurer became subrogated to its insured after it paid the non-deductible part of insured's claim for property damage. The insured brought suit against Steigerwalt, the alleged tortfeasor, for personal injuries and the deductible portion of the property damage. The insurer-subrogee filed a separate action against Steigerwalt to recover the payment it made to the insured for property damage.
 {¶ 16} Steigerwalt answered the insured's complaint, but he did not raise the issue of Nationwide's pending action in the insured's case, request joinder of Nationwide, or seek consolidation of the two cases at trial. The jury returned a verdict in favor of Steigerwalt in the insured's case. Steigerwalt sought to use this judgment to preclude Nationwide's suit, but his failure to join Nationwide waived res judicata protection.
 {¶ 17} The Ohio Supreme Court framed the issue in the case as follows:
 {¶ 18} "Can a defendant, who has failed to join parties in privity, or who has failed to consolidate cases of those parties in privity who are prosecuting separate causes of action against him, of which he has knowledge, use any aspect of the doctrine ofres judicata to bar a lawsuit prosecuted by a subrogated assignee-insurer when he (defendant) has previously prevailed in the cause of action brought by the assignor?" Steigerwalt at 91.
 {¶ 19} The court answered the question in the negative, holding that Steigerwalt's failure in the insured's case to urge joinder of parties or consolidation of cases "waived his right to a judgment on the pleadings based either upon the theory that Nationwide is barred from prosecuting this action, or is estopped from relitigating the issues litigated and determined in the [insured's] case." Id. at 93. The court stated that Steigerwalt failed to avail himself of the opportunity to prevent prosecution of separate actions. He had the option to urge joinder of the parties. By not pursuing that option, the court found that he permitted the parties in privity to prosecute separate causes of action.
 {¶ 20} Appellants argue that Steigerwalt has been superseded by the adoption of the Ohio Rules of Civil Procedure. In Steigerwalt, the Ohio Supreme Court refers to the defendant's failure "to utilize Sections 2307.05 [real party in interest], 2307.20 [joinder of parties united in interest], 2309.08(D) [causes of demurrer] or 2309.10 [permitting objection by answer rather than demurrer]" of the Revised Code.Steigerwalt at 93. These sections of the Revised Code have been repealed and replaced by the Rules of Civil Procedure, originally adopted in 1971. However, the Ohio Supreme Court has confirmed the continued vitality of Steigerwalt after the adoption of the Civil Rules. See Layne v. Huffman (1975), 42 Ohio St.2d 287,290 (defendant's failure raise a Civ.R. 19.1[A] defense of failure to join a party before reaching a settlement in an earlier suit for personal injury and property damage by injured husband waived any right to object to a separate but related action for loss of consortium brought by injured party's wife).
 {¶ 21} In this case, the issue is whether appellants, with knowledge that they were subject to separate causes of action maintained by both the insurer and the insured, waived the right to use any aspect of res judicata to preclude Nationwide's claim. Appellants argue that they raised the affirmative defense of failure to join necessary and indispensable parties in their answer to Butterfields' complaint. They assert that this preserved their right to protection under the res judicata doctrine.
 {¶ 22} Civ.R. 19(A) states, in pertinent part, the following:
 {¶ 23} "A person who is subject to service of process shall be joined as a party in the action if * * * (3) he has an interest relating to the subject of the action as an assignor, assignee, subrogor, or subrogee. If he has not been so joined, the court shall order that he be made a party upon timely assertion of the defense of failure to join a party as provided in Rule 12(B)(7). If the defense is not timely asserted, waiver is applicable as provided in Rule 12(G) and (H)."
 {¶ 24} Under Civ.R. 12(B)(7), a defendant may move the court to dismiss an action for failure to join a party under Civ.R. 19 or Civ.R. 19.1. This defense may also be made in any pleading permitted or ordered under Civ.R. 7(A), by motion for judgment on the pleadings, or at trial on the merits. See Civ.R. 12(H). However, merely raising the defense in an answer "without further affirmative action to prosecute the raised defense results in a waiver of said defense." Mihalic v. Figuero (May 26, 1988), Cuyahoga App. No. 53921.
 {¶ 25} In Mihalic, defendant Fares Francis purchased real property from defendants Pedro and Juana Figuero. The Figueros had purchased the property from plaintiff Mihalic. Pursuant to the purchase agreement, Francis was to assume the remaining balance of an executed note and mortgage between Mihalic and the Figueros. Title to the property, however, was put into the name of Jeon, Inc., a company in which Francis served as president.
 {¶ 26} Upon transfer of the property, the escrow agent withheld $4,033.20 to cover the note and mortgage and delivered the money to Francis even though title was conveyed to Jeon, Inc. The Figueros later entered into an agreement with both Mihalic and Francis, as president of Jeon, Inc., that Jeon, Inc. may assume the mortgage held by Mihalic. A little over three months later, Mihalic sent a letter to Francis indicating the entire balance of the outstanding mortgage was due as a result of a failure to make required payments.
 {¶ 27} Mihalic filed a complaint in municipal court alleging the Figueros and Francis were jointly and severally liable for the mortgage balance. The Figueros filed an answer and a cross-claim against Francis alleging that the amount withheld from the sale proceeds was wrongfully paid to Francis. The trial court ruled in favor of the Mihalic in the amount of $4,033.20 against all defendants jointly and severally. The trial court also rendered judgment in favor of the Figueros on their cross-claim against Francis.
 {¶ 28} Francis appealed, arguing that the trial court erred in overruling his alleged motion to dismiss for failure to join an indispensable party. The Eighth District first noted that Francis neither filed a motion to dismiss nor joined in Figueros' separate motions to dismiss pursuant to Civ.R. 19 or to compel joinder, both of which were denied. Francis did raise the issue of joinder in his answer to Mihalic's complaint via affirmative defense, stating that "Plaintiff fails to join all proper and necessary parties." He did not mention the defense in his answer to the Figueros' cross-claim.
 {¶ 29} The Eighth District found that despite the fact that the issue was raised in Francis' answer to the Mihalic's original complaint, Francis waived the defense. "[A] mere five word statement contained in [Francis'] answer without furtheraffirmative action to prosecute the raised defense results in a waiver of said defense." (Emphasis in original.) The only information provided by Francis was generic language identifying "all proper and necessary parties" which did not provide the trial court with "information necessary to adjudicate the claimed defense." See, also, Garcia v. O'Rourke, M.D., Gallia App. No. 04CA7, 2005-Ohio-1034, ¶ 18-21 (raised defense of failure to join necessary party in answer considered waived when allegation made without specificity and no further affirmative action to pursue the defense was taken); Standard Plumbing Heating Co. v.Farina (Sept. 17, 2001), Stark App. Nos. 2001CA18 and 2001CA34 (cursory statement raising failure to join an indispensable party in answer to complaint without providing necessary information to adjudge the defense waives said defense).
 {¶ 30} Appellants cite Mikles v. Sears, Roebuck Co.,
Montgomery App. No. 20057, 2004-Ohio-1024, for the proposition that raising the Civ.R. 12(B)(7) defense by asserting it in an answer sufficiently raises the issue of joinder to prevent waiver of res judicata. See Mikles at ¶ 7. However, we find Mihalic
to be more persuasive and adopt its reasoning, as have other appellate districts.
 {¶ 31} In this case, appellants employed boilerplate language in their answer to Butterfields' complaint filed in November 2001. The affirmative defense stated, "Plaintiffs have failed to join necessary and indispensable parties as required by Rule 19 and/or Rule 19.1 of the Ohio Rules of Civil Procedure." The answer was filed after Nationwide became subrogated for the property damage portion of the Butterfields' complaint. Beginning in January 2002, Nationwide notified Premier of Nationwide's subrogation interest in the matter. Premier referred Nationwide to its own claims service, W.E. Love Associates. Nationwide and Love were negotiating a possible settlent of the subrogated amount when appellants reached their settlement with the Butterfields.
 {¶ 32} It is improper for appellants to benefit from res judicata when they waived such protection by failing to ensure that Nationwide was joined as a party in the Butterfield action. By settling the case, appellants essentially removed any opportunity for the court to compel proper joinder of a necessary party. Appellants, who had knowledge that Nationwide possessed a subrogated interest, entered into a settlement agreement with the Butterfields upon which they now attempt to rely because of Butterfields' warranties that they had not granted any party a subrogated interest or otherwise given away any portion of their claim.
 {¶ 33} Pursuant to Civ.R. 12(H)(2), a defense of failure to join an indispensable party under Civ.R. 19 may be made in any pleading permitted or ordered by Civ.R. 7(A), by motion for judgment on the pleadings, or at trial on the merits. However, we hold that a party waives this defense when it fails to take affirmative action to prosecute it.
 {¶ 34} The trial court did not err when it granted summary judgment in favor of Nationwide. There are no genuine issues of material fact, and reasonable minds can only conclude that appellants knew of Nationwide's subrogated interest in the property claim. While defending themselves against the Butterfields' personal injury action, appellants raised the issue of joinder in their answer, but failed to take affirmative action to prosecute this defense. As a result, Nationwide became entitled to judgment as a matter of law in the present case because appellants waived the right to assert a res judicata defense against Nationwide's cause of action. Accordingly, appellants' assignment of error is overruled.
 {¶ 35} Judgment affirmed.
Powell, P.J., and Young, J., concur.
[1] Pursuant to Loc.R. 6(A), we sua sponte remove this case from the accelerated calendar and place it on the regular calendar for purposes of issuing this opinion.
[2] The trial court separately addressed a motion for summary judgment by the Butterfields. The trial court granted the motion in favor of the Butterfields and that judgment is the subject of an appeal. See Nationwide Mut. Fire Ins. Co. v. Logan, Butler App. No. CA2005-08-212.