NATIONWIDE MUTUAL INSURANCE COMPANY *v.* COLLINS.

(No. 84 CV E 18986 — Decided March 8, 1985.)

Cleveland Municipal Court.

*John J. Owens,* for plaintiff.
*Jeffrey H. Friedman,* for defendant.

ADRINE, J. This matter came on for decision on plaintiff's motion for reconsideration of this court's order dated January 29, 1985. The portion of the order which plaintiff wishes this court to reconsider reads as follows:

"It is further ordered and adjudged that plaintiff shall join its insured, Barbara McWilliams, as a co-plaintiff herein or, if she refuses to join as a co-plaintiff, as a defendant herein, all as provided in Civ. R. 19(A). After said Barbara McWilliams has been joined as a party herein, defendant may assert his claim against her by way of counterclaim (if she is joined as a co-plaintiff) or by way of cross-claim (if she is joined as a defendant). Plaintiff shall filed [sic] its amended complaint joining the said Barbara McWilliams as a party herein within 28 days of the date of this order."

Plaintiff, Nationwide Mutual Insurance Company, requests reconsideration on three grounds.

First, plaintiff argues that:

"A subrogated auto insurer is an exception to Civil Rule 19(A)(3) as a cause of action can be split in such a limited circumstance, as the Supreme Court has consistently held."

This conclusion is premised on paragraph two of the syllabus of *Nationwide Ins. Co.* v. *Steigerwalt* (1970), 21 Ohio St.2d 87 [50 O.O.2d 200], which reads as follows:

"For the limited purpose of prosecution of a claim under a policy of automobile insurance, a single cause of action may be *divided* to the extent that the insurer, subrogated to a part of a claim assigned by the insured, may prosecute its claim in a separate action against the tortfeasor. (*Hoosier Casualty Co.* v. *Davis,* 172 Ohio St. 5 [15 O.O.2d 45], approved and followed.)" (Emphasis *sic*.)

But plaintiff is mistaken in the conclusion which it draws from this syllabus. The cited case, as well as the case which it approves and follows, is a pre-rule decision, and the principles enunciated in that case have been superseded by the enactment of Civ. R. 19(A)(3), which rule was designed to prevent the division of a single cause of action between a subrogor and a subrogee, or an assignor and an assignee. As it is noted in the 1970 Rules Advisory Committee Staff Note to Rule 19(A):

"Rule 19(A) describes those persons who should be joined in the action, assuming that service of process upon an absent party may be effected and assuming that defendant has not waived joinder. Rule 19(A) contains several provisions not to be found in Federal Rule 19(a). Thus, Rule 19(A)(3) lists as a person who should be joined, an assignor, assignee, subrogor, or subrogee who has an interest in the subject of the action. In addition, Rule 19(A) provides that a failure to join a party who should be joined is waived if not timely asserted. Finally, the rule provides for transfer of an action to the court of common pleas (the action having been filed in a municipal or county court), if the joinder of a party who should be joined causes the action to exceed the monetary limit of the municipal court. The provisions in Rule 19 which cover these matters were added to the rule to eliminate some of the problems caused by the splitting out of independent rights of enforcement which flowed from one wrongful act. This splitting caused difficult problems of estoppel by judgment and res adjudicata. See, *Nationwide Ins. Co.* v. *Steigerwalt,* 21 Ohio St.2d 87 [50 O.O.2d 200] (1970), the cases cited therein, and Staff Note to Rule 19(A) for examples of the problems caused by splitting out rights of enforcement. The operation of Rule 19(A) may best be illustrated by example.

"Defendant drives through a red light, injures plaintiff, and damages plaintiff's car. The car damage is $2,000. Before trial, plaintiff's own insurance company pays plaintiff $1,900 in accor-

dance with plaintiff's $100 deductible policy. Plaintiff then files suit against defendant for personal injury. Defendant knows that injury to person and property from one accident is one cause of action. *Rush* v. *City of Maple Heights,* 167 Ohio St. 221 [4 O.O.2d 279] (1958). Plaintiff's insurance company is a real party in interest (Rule 17(A) ) because insurance company owns part of the cause of action by virtue of subrogation and therefore is a party who should be joined (Rule 19(A)(3) ). Under Rule 12(B)(7) defendant serves a motion to dismiss for failure to join a party under Rule 19. Assuming service may be had, the court orders the joinder of the insurance company. In contrast, if defendant fails to raise the matter of joinder under Rule 12(B)(7) and Rule 19(A), he waives the possible joinder under Rule 12(G) and Rule 12(H). [But with respect to waiver under Rule 12(H), see Browne, The New Civil Rule 12(H) (1983), 54 Clev. B. J. 222.] If defendant waives the issue of joinder, he is subject to two suits, one by plaintiff and one by plaintiff's insurance company. The results may be inconsistent. See, *Nationwide Ins. Co.* v. *Steigerwalt,* 21 Ohio St.2d 87 [50 O.O.2d 200] (1970)." (Bracketed material added in part.)

From this passage it is quite clear that Civ. R. 19(A)(3) was designed to compel a subrogated auto insurer to bring its suit against the defendant as a co-plaintiff with its insured in the same action; a subrogated auto insurer is not an exception to Civ. R. 19(A)(3). For the correct application of Civ. R. 19(A)(3) to cases such as the one at bar, see Browne, Counterclaiming Against the Subrogated Insurer as Plaintiff (1985), 56 Clev. B. J. 134.

Accordingly, plaintiff's first ground for reconsideration is rejected.

Plaintiff next argues as follows:

"* * * Defendant did not avail himself of the defense of failure to join a necessary party at the first opportunity as the Supreme Court has consistently required, thus waiving his right to invoke that defense."

This argument is rejected for three reasons:

First, since plaintiff did not comply with the requirements of Civ. R. 19(C) it is estopped from asserting waiver of the Civ. R. 12(B)(7) defense.

Second, the defense of failure to join a necessary party has not been irrevocably waived. As it is noted in Browne, The New Rule 12(H) (1983), 54 Clev. B. J. 222, at 224-225:

"How would this question [of waiver] be answered under the new rule? Here we have something of a mystery because the new rule makes absolutely no mention whatsoever of the defense of failure to join a *necessary* party. Thus, in a situation such as the one described in this example, there is no *express* rule of waiver applicable to the defense of failure to join a necessary party, although in the new Rule 12(H)(2) there is an *express* rule of waiver applicable to the defense of failure to join an *indispensable* party.

"But Civil Rule 12(B) states:

" 'Every defense, in law or fact, to a claim for relief in any pleading * * * shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: * * * (7) failure to join a party under Rule 19 or Rule 19.1.'

"From this we may conclude that the defense of failure to join a necessary party is waived if it is not raised by motion or responsive pleading. The question then becomes: Can the waiver be cured, and if so, how?

"New Rule 12(H)(1) does limit curative amendments to amendments of the responsive pleading made as a matter of course. But that subsection of the rule does not include the defense of failure to join a necessary party in the

enumeration of the defenses to which this limitation is applicable.

"Further, this defense is not mentioned in subsections (2) or (3) of the new rule. Therefore, the new rule is not applicable to this defense, and we might fairly conclude that under the dispensation of the new rule, the waiver of this defense can be cured in the same way as the waiver of a Rule 8(C) affirmative defense; that is, by amendment as a matter of course, by amendment with leave of court, by amendment with the written consent of the adverse party, or by a Rule 15(B) implied amendment." (Emphasis *sic*.)

Third, even if the defendant has waived this defense, the court may, on its own motion, require the joinder of an absent necessary party. As it is said in Civ. R. 21:

"* * * Parties may be * * * added by order of the court * * * of its own initiative at any stage of the action and on such terms as are just. * * *"

This court was acting under the aegis of Civ. R. 21 when it entered its order of January 29, 1985.

However, because this court did act "of its own initiative" when it ordered the joinder of Barbara McWilliams, it must now give serious consideration to the plaintiff's third ground for reconsideration. That third ground is as follows:

"Defendant does not allege that Barbara McWilliams has brought a claim against him that should be joined. And, more than two years have passed since the collision, so it is likely that any suit now filed by her would be barred. Thus, Defendant is not prejudiced by McWilliams' absence from the case."

The essential fallacy in this argument is that McWilliams' claim is not necessarily barred by the running of the two-year statute of limitations. When Civ. R. 17(A) and 19(A)(3) are read *in pari materia,* the following rule may be drawn:

When a unitary cause of action is owned by more than one person, each co-owner of that unitary cause of action is a real party in interest with respect thereto, and the action is not brought in the name of the real party in interest unless all such co-owners are joined as co-plaintiffs. But if one such co-owner has not been made a party plaintiff, the failure to prosecute the action in the name of the real party in interest can be cured by the joinder of the absent co-owner. Then, "[s]uch * * * joinder * * * shall have the same effect as if the action had been commenced in the name of the real party in interest."

In other words, if the absent co-owner is joined as a party plaintiff, that joinder relates back to the date on which the action was commenced, and if the date of commencement was prior to the expiration of the statute of limitations, the joined co-owner's claim is not barred by the running of the statute of limitations.

That is the case here. If McWilliams is joined as a co-plaintiff, her joinder will relate back to the date this action was commenced, and since this action was commenced prior to the expiration of the statute of limitations, her claim against the defendant will not be barred by the running of the statute of limitations.

Accordingly, if the defendant had moved to join McWilliams after the statute of limitations had run, it would be fair to conclude that by requesting her joinder, he was waiving his statute of limitations defense, since her joinder would relate back to the date of commencement. On the other hand, if he does not move to have her joined, it is fair to conclude that he has not done so because he does not wish to waive his statute of limitations defense with respect to her claim against him. Civ. R. 19(A) gives him the option of preserving his statute of limitations defense by allowing him to waive the nonjoinder of

McWilliams. Since defendant has demonstrated a desire to waive McWilliams' nonjoinder by not asserting the defense of failure to join a necessary party, this court must conclude that he has done so with the intention of preserving his statute of limitations defense with respect to her claim against him. Accordingly, it would be unfair to the defendant, and improper, for this court to circumvent and frustrate defendant's choice by ordering the joinder of McWilliams under the authority given it by Civ. R. 21.

Therefore, plaintiff's third ground for reconsideration is persuasive, and its motion for reconsideration will be granted.

*Motion granted.*