ODA, Appellee,

v.

DAVIS, Appellant.

[Cite as *Oda v. Davis* (1992), 81 Ohio App.3d 555.]

Court of Appeals of Ohio,
Montgomery County.

No. 12977.

Decided June 30, 1992.

*Byron E. Trapp,* for appellee.

*James R. Davis, pro se.*

FAIN, Presiding Judge.

Defendant-appellant James Davis appeals from a judgment rendered in favor of plaintiff-appellee Carl Oda and against Davis in the amount of $1,050, together with interest and costs. Davis contends that the trial court erred by failing to grant his motion to dismiss this action upon the ground that the real party in interest, being the Davis–Linden Building Company ("Davis–Linden"), an Ohio partnership, was not a party. We conclude that Davis's motion was well taken, and that either the Davis–Linden partnership should have been joined as a party, Oda's representative capacity should have been reflected in the pleadings and judgment, or this action should have been dismissed. Accordingly, the judgment of the trial court is reversed, and this cause is remanded for further proceedings.

## I

Davis leased space from Davis–Linden in a commercial building located at 400 Linden Avenue, Dayton, Ohio. In February 1991, Davis was served with a notice to leave the premises for failure to pay rent. Thereafter, this action was brought by Oda, in his own name, against Davis, for forcible entry and detainer, and for unpaid rent. In his complaint, Oda was simply set forth as the plaintiff, without any indication that he was acting on behalf of Davis–Linden. He was listed as the only plaintiff.

Davis filed a document in several parts entitled "Answer, Jury Request, Motion & Memorandum, and Counter–Complaint." Included in his document is the following:

"Motion to Dismiss

"1. Defendant now moves this Court to Dismiss Plaintiffs [*sic*] Complaint for the reason that Plaintiff Carl Oda is Not the Proper Party of Interest [*sic*].

"/s/ James R. Davis

"Memorandum

"1. The premises occupied by the Defendant is owned by The Davis–Linden Building Corporation. The relationship of the Plaintiff is unspecified and unknown by the Defendant and is therefore misrepresented to the Court and the Defendant."

In due course, the court overruled the motion to dismiss, denied the writ because of a failure in the required three-day notice, and reserved the issue of the unpaid rent. Later, the trial court heard the rent issue, and rendered judgment for $1,050, plus interest and costs. The judgment entry recites as follows:

"This cause came on for trial before the court on the 20th day of June, 1991, at which time the issues were duly tried, concerning which a decision has been rendered.

"It is Ordered and Adjudged that the Plaintiff, Carl Oda, recover of the Defendant, James Davis, the sum of One Thousand Fifty and 00/100 ($1050.00) Dollars with interest thereon at the rate of ten percent (10%) from February 21, 1991, and his costs of the action."

From the above-quoted judgment, Davis appeals.

## II

Davis has asserted three assignments of error, as follows:

"The trial court erred by not dismissing plaintiff's complaint for want of jurisdiction because plaintiff is not the real party of interest.

"The trial court erred by not dismissing plaintiff's complaint because the plaintiff is not the real party of interest.

"The trial court erred by rendering a judgment of $1050.00 when the evidence submitted by the plaintiff proved that no agreement between the plaintiff and defendant existed that would sustain such judgment."

Essentially, there is but a single claim of error, and that is that the trial court erred by failing to dismiss the complaint for failure to join the real party in interest, and by rendering a judgment in favor of the wrong party.

Oda was the managing partner of Davis–Linden, which owned the subject premises and leased them to Davis. The partnership agreement, which was admitted into evidence at the trial, contained the following provision:

"Control of the Partnership and all of its affairs shall be in the Partners, who shall have equal rights in the management and conduct of the Partnership investment and activities. In order to simplify the operations of the Partnership, the Partners hereby designate Carl E. Oda as Manager of the Partnership and Donald E. Foucht as Assistant Manager of the Partnership to serve in such capacities until such time as the Partners designate a new Manager and/or Assistant Manager by a vote of FIFTY–ONE PERCENT (51%) in interest, not in numbers, of the Partners. The Manager and Assistant Manager shall receive a salary for serving as such as shall be determined by a vote of FIFTY–ONE PERCENT (51%) in interest, not in numbers. Partners hereby delegate to the Manager of the Partnership the responsibility for the day-to-day management and ministerial acts of the Partnership.

"The Manager of the Partnership shall have the right and power to bind the partnership, subject to the conditions and limitations contained in paragraph 8.02 and elsewhere in this Agreement. It is agreed that the general management and final determination of all questions relating to the usual daily business affairs and ministerial acts of the Partnership shall rest in the Manager of the Partnership. In this connection, and not by way of limitation, the Manager of the Partnership is authorized to do any and all things and to execute any and all documents, contracts, evidences of indebtedness, security agreements, financing statements, etc., necessary or expedient to carry out an effectuate [sic] the purpose of the parties as expressed in this Partnership Agreement. All business arrangements entered into shall be on such terms and conditions as generally would be characteristic of a businessman in similar circumstances exercising prudent and sound business judgment. The Manager of the Partnership shall devote such attention, and business capacity to the affairs of the partnership as may be reasonably necessary. In this connection, the parties hereby acknowledge that the Manager of the Partnership manages and may continue to manage other Partnerships and may continue to engage in other distinct or related businesses."

Oda also relies upon R.C. 1775.08(A), which provides as follows:

"Every partner is an agent of the partnership for the purpose of its business, and the act of every partner, including the execution in the partnership name of any instrument for apparently carrying on in the usual way the business of the partnership of which he is a member, binds the partnership, unless the partner so acting has in fact no authority to act for the partnership in the particular matter and the person with whom he is dealing has knowledge of the fact that he has no authority."

There is no question that Oda had authority to bring an action against Davis, both for eviction and for unpaid rent, on behalf of Davis–Linden. Oda

contends that this is what he did, even though the action was brought solely in his name, and the judgment was awarded to him solely in his name, without anything to indicate that he was acting on behalf of the partnership.

There seems to be confusion in Ohio as to whether a partnership is a legal entity distinct from the persons or members who comprise it. See 13 Ohio Jurisprudence 3d (1979) 46–47, Business Relationships, Section 929. However, partnerships have been given statutory authority to sue or be sued in their own name. R.C. 2307.24. Thus, it is clear that Davis–Linden could have been made a plaintiff in this action.

Although we have found no Ohio cases directly on point, the closest case that we have found is *Nationwide Mut. Ins. Co. v. Collins* (1985), 23 Ohio Misc.2d 22, 23 OBR 187, 491 N.E.2d 407. In that case, Judge Adrine of the Cleveland Municipal Court analyzed the interplay between Civ.R. 17(A) and 19(A), and held as follows:

"When a unitary cause of action is owned by more than one person, each co-owner of that unitary cause of action is a real party in interest with respect thereto, and the action is not brought in the name of the real party in interest unless all such co-owners are joined as co-plaintiffs. But if one such co-owner has not been made a party plaintiff, the failure to prosecute the action in the name of the real party in interest can be cured by the joinder of the absent co-owner. * * *" *Id.* at 25, 23 OBR at 190, 491 N.E.2d at 410.

At most, Oda, being a partner in Davis–Linden, Davis's landlord, would be a co-owner of the cause of action against Davis for non-payment of rent, which is a unitary cause of action. Thus, following the holding in *Nationwide Mut. Ins. Co. v. Collins, supra,* he could not bring the action on his own behalf unless the partnership, or all of the other partners, were co-plaintiffs.

We agree with the reasoning of the trial court in *Nationwide Mut. Ins. Co. v. Collins, supra.* It is especially troubling that Oda has recovered a judgment against Davis in Oda's own name. There is nothing in the judgment entry to reflect that it represents an obligation payable to the partnership. In order to assert their interest in that judgment, Oda's partners would have to look behind the face of the judgment. For that matter, they would have to look behind the face of the complaint, which makes no reference to the partnership, but instead sets up the claim for rent as an obligation payable to Oda, individually, as Davis's landlord. Oda's partners might, or might not, succeed in proving that monies recovered on this judgment represent a business opportunity of the partnership. To do so, Oda's partners would have to make a collateral attack upon the face of the judgment, which declares otherwise, possibly in a foreign jurisdiction required to give full faith and credit to the judgment. Similarly, should the partnership bring an action

against Davis, it would not be bound directly by the action in which it was not a party. Davis might or might not succeed in proving, again possibly in a foreign jurisdiction required to give full faith and credit to Oda's judgment, that Oda's recovery of his judgment against Davis bars the partnership's recovery of its own judgment against Davis.

The requirement in Civ.R. 17(A) that an action be prosecuted in the name of the real party in interest is intended to avoid exactly these kinds of problems. When an action is prosecuted in the name of the real party in interest, and that party is awarded judgment, the party against whom the judgment is awarded is protected from the possibility of multiple judgments against him.

■ Although the second sentence in Civ.R. 17(A) permits a person acting in a representative capacity to bring suit "in his name as such representative," this is not what Oda has done; there is nothing in either the pleadings or the judgment entry to reflect that Oda is acting in a representative capacity. It may be that Oda need not prove his authority to act in a representative capacity on behalf of the partnership, but the pleadings and judgment must still reflect that he is acting in that capacity, rather than in his individual capacity. To hold otherwise would require persons relying upon the judgment to look beyond the face of the judgment to determine in whose favor the judgment has been rendered. This places an unacceptable burden upon the full faith and credit that must be accorded to judgments under the federal Constitution.

We conclude that although Oda clearly had the authority to bring this action on behalf of Davis–Linden, he was required to do so in its name, not in his own name, or at least indicate on the face of the pleadings and judgment that he was acting in a representative capacity on behalf of the partnership. Accordingly, we conclude that Davis's motion to dismiss was well taken, and that the trial court should either have granted Davis's motion or at least allowed Oda some time within which to join Davis–Linden as a party plaintiff, or otherwise to amend his pleadings to reflect that he is acting in a representative capacity on behalf of the partnership.

Davis's assignments of error are sustained.

### III

Davis's assignments of error having been sustained, the judgment of the trial court against him in the amount of $1,050, together with interest and costs, is reversed, and this cause is remanded to the trial court with instructions to dismiss the action unless, within a reasonable period of time, Davis–Linden shall be added as a party, or the pleadings shall otherwise be amended

to reflect that Oda appears in this action in a representative capacity on behalf of Davis–Linden.

*Judgment accordingly.*

WOLFF, J., concurs.

GRADY, J., dissents.

GRADY, Judge, dissenting.

I must respectfully dissent from the decision of the majority holding that the trial court erred in denying appellant Davis's motion to dismiss for failure to comply with Civ.R. 17(A).

The general rule implicit in Civ.R. 17(A) is that all co-owners of a single claim are parties united in interest, and as such they must be joined as co-claimants in the same action or the action will not be prosecuted in the name of the "real party in interest." But the second sentence of the rule carves out an express exception, stipulating that a party authorized by statute may sue in his own name as representative of a real party in interest without joining that party to the action.

R.C. 1775.08(A) provides that every partner is an agent for the partnership and that the act of every partner binds the partnership, unless, in fact, the partner lacks the authority he purports to have. The Davis–Linden partnership agreement clearly gives Oda the authority to bring this action. Therefore, he brings the action as an agent of the partnership and the judgment he obtained is binding on the partnership in any future action, pursuant to statute. Thus, Oda is a "representative" of the partnership and may, pursuant to Civ.R. 17(A), bring this action in his own name.

Oda's complaint styles the action as one brought by him personally, not as the representative of the partnership. However, that is not a defect. Civ.R. 9(A) provides that it is not necessary to aver the authority of a party to sue or be sued in a representative capacity. Furthermore, it is clear that the cause of action is one held by the partnership and that the relief is granted to the partnership and not to Oda personally. Oda will hold any proceeds in constructive trust for the partnership and payment by Davis will discharge his debt to the partnership. There is sufficient unity of parties and interests that any subsequent judgment in favor of Oda, another partner, or the partnership on the same debt will be barred by the doctrine of *res judicata*, if Davis properly pleads and proves it.

Civ.R. 9(A) also provides that when a party "desires to raise an issue as to * * * the authority of any party to sue or be sued in a representative capacity, he shall do so by specific negative averment * * *." Davis, instead, presented

his argument in the form of a motion to dismiss, which generally questions the power or jurisdiction of the court. Civ.R. 12(B)(7) specifically concerns the "failure to join a party under Rule 19 or Rule 19.1." Those rules concern parties who are "necessary" or "indispensable" to the litigation. The Davis–Linden partnership is neither because Oda has the contractual and statutory authority to sue in his representative capacity. By presenting his argument as a motion to dismiss instead of by negative averment, Davis has raised issues of jurisdiction and "capacity to sue" that are not contemplated by the "real party in interest" requirement.

It may be that the trial court should have treated the motion to dismiss as a "negative averment" and permitted joinder of the partnership pursuant to Civ.R. 20. It didn't, but I see no prejudice to Davis as a result.

I would overrule the assignments of error sustained by the majority and affirm the trial court.