**SUPREMACY CAPITAL COMPANY,**
**Plaintiff,**

v.

**TRI–MED FINANCE COMPANY,**
**et al., Defendants.**

No.  C–2–95–038.

United States District Court, S.D. Ohio, Eastern Division.

March 30, 2001.

## OPINION AND ORDER AND PERMANENT INJUNCTION

GEORGE C. SMITH, District Judge.

This action involves a failed business deal arising from a Partnership Agreement to purchase accounts receivable of health care providers. Plaintiff Supremacy Capital Company ("Supremacy") moves for summary judgment on defendant Tri-Med Financing Company's ("Tri-Med's") remaining counterclaims (Doc. 155). Supremacy also moves for a permanent injunction enjoining Tri-Med and its affiliates from prosecuting any action that in any way relates to the facts that gave rise to this and certain related lawsuits (Doc. 148).

For the reasons that follow the Court grants Supremacy's motion for summary judgment and its motion for injunctive relief.

### I. Facts

The underlying facts of this case are set forth in several earlier decisions, including the decision of this Court dated March 18, 1998 (Doc. 131), the decision of the Sixth Circuit Court of Appeals, 2000 WL 282445 (6th Cir. Mar. 6, 2000), and the decision of Judge Sargus in *Tri-Med Finance Company v. Prudential Securities, Inc.,* Case No. C-2-96-795 (S.D.Ohio, Sep. 30, 1997).

The only new development is Supremacy's request for injunctive relief. On June 28, 2000, Tri-Med's counsel sent a letter demanding a meeting of the former partners of AHCC (Tri-Med and Supremacy) on July 7, 2000. The letter stated that the purpose of the meeting was to consider the "immediate replacement of Supremacy Capital Corporation as Managing Partner by Tri-Med Finance Company" in order to institute litigation against "Supremacy and its affiliates" for alleged wrongdoing arising from the failed AHCC venture.

The meeting apparently went forward, and Tri-Med unilaterally ousted Supremacy as managing partner of AHCC, and determined to institute litigation immediately. The threatened litigation would present claims by AHCC that mirror Tri-Med's claims in the above-cited actions, and that arise from the same set of facts.

Supremacy responded by filing a motion for a temporary restraining order in this Court, seeking to enjoin any new litigation under the All Writs Act. The Court conducted a conference and hearing in the matter and counsel for Tri-Med, who also purports to represent AHCC, represented that no new litigation would be initiated before this Court reaches a final decision in this matter.

### III. Summary Judgment

Fed.R.Civ.P. 56(c) sets forth the standard for addressing a summary judgment motion:

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the

moving party is entitled to judgment as a matter of law.

The evidence must be viewed in the light most favorable to the nonmoving party. *See Adickes v. Kress & Co.*, 398 U.S. 144, 158–59, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Summary judgment will not lie if the dispute about a material fact is genuine; "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Summary judgment is appropriate, however, if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *see also Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

The Sixth Circuit Court of Appeals has recognized that *Liberty Lobby, Celotex* and *Matsushita* have effected "a decided change in summary judgment practice," ushering in a "new era" in summary judgments. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1476 (6th Cir.1989). The court in *Street* identified a number of important principles applicable in the new era of summary judgment practice. For example, complex cases and cases involving state of mind issues are not necessarily inappropriate for summary judgment. *See id.* at 1479. In addition, in responding to a summary judgment motion, the nonmoving party "cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must 'present affirmative evidence in order to defeat a properly supported motion for summary judgment.'" *Id.* (quoting *Liberty Lobby*, 477 U.S. at 257, 106 S.Ct. 2505). The nonmoving party must adduce more than a scintilla of evidence to overcome the summary judgment motion. *See id.* It is not sufficient for the nonmoving party to merely "'show that there is some metaphysical doubt as to the material facts.'" *Id.* (quoting *Matsushita*, 475 U.S. at 586, 106 S.Ct. 1348).

Moreover, "[t]he trial court no longer has a duty to search the entire record to establish that it is bereft of a genuine issue of material fact." *Id.* That is, the nonmoving party has an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact.

### III. Claim Preclusion

■ Supremacy asserts that it is entitled to summary judgment in its favor on Tri–Med's remaining counterclaims on the basis of claim preclusion. Specifically, it argues that Tri-med's counterclaims are barred by the preclusive effect of the final judgments in closely related cases, *Tri–Med Finance Company v. National Century Financial Enterprises, Inc.*, Case No. C–2–95–964 (S.D.Ohio Mar. 18, 1998), *aff'd*, 2000 WL 282445 (6th Cir. Mar. 6, 2000)(the *"Tri–Med"* case), and *Tri–Med Finance Company v. Prudential Securities, Inc.*, Case No. C–2–96–795 (S.D.Ohio, Sep. 30, 1997)(the *"Prudential"* case).

■ A claim is barred under the doctrine claim preclusion, or *res judicata*, if the following elements are present:

(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their "privies"; (3) an issue in the subsequent action which was or which should have been litigated in the prior action; and (4) an identity of the causes of action.

*Becherer v. Merrill Lynch,* 193 F.3d 415, 422 (6th Cir.1999)(quoting *Bittinger v. Tecumseh Prods. Co.,* 123 F.3d 877, 880 (6th Cir.1997)).

Supremacy contends that the elements of claim preclusion are met as follows: First, final judgments on the merits were issued in the related *Tri–Med* case, and the *Prudential* case. Second, Supremacy is in privity with the NCFE defendants named in the *Tri–Med* case, and with its alleged co-conspirator, Prudential, the defendant in the *Prudential* case. Third, Tri–Med's counterclaims in the instant case are basically the same as the claims it raised in both the *Tri–Med* case and the *Prudential* case, and therefore the counterclaims could and "should have been" litigated in those actions. Fourth, there is complete identity of causes of action because all three cases arise from an identical set of facts.

In seeking to avoid application of the claim preclusion doctrine, Tri–Med advances three arguments: (1) there was never a decision on the merits of Tri–Med's counterclaims against Supremacy; (2) the doctrine of claim preclusion does not require Tri-med to join all defendants in one action; and (3) Supremacy is not in privity with the NCFE defendants or Prudential.

■ For purposes of claim preclusion, it is irrelevant whether a decision on the merits was rendered on Tri–Med's counterclaims in the *Tri–Med* or *Prudential* actions. Claim preclusion applies to claims that have never been litigated, but which could and should have been asserted in an earlier action. *In re Fordu,* 201 F.3d 693, 703 (6th Cir.1999). The Court therefore rejects Tri–Med's first argument.

As for Tri–Med's second argument, Supremacy has never said that Tri–Med was required to join all potential defendants in a single lawsuit. Rather, Supremacy maintains that the doctrine of claim preclusion required Tri–Med to raise, in the earlier actions, all of its claims arising from the same set of facts against the named defendants, and their privies. *See Becherer,* 193 F.3d at 422. Tri–Med's second argument is without merit.

■ Tri–Med's final argument is that Supremacy is not in privity with the NCFE defendants named in the *Tri–Med* action, or Prudential in the *Prudential* action. Privity is "such an identification of interest of one person with another as to represent the same legal right." *Blacks Law Dictionary* at 1079 (5th Ed.1979). It "pertains to the relationship between a party to a suit and a person who was not a party, but whose interest in the action is such that he will be bound by the final judgment as if he were a party." *Id.* " 'Privity ... means ... one whose interests were adequately represented [in the former proceeding]' " *In re Fordu,* 201 F.3d at 707–08 n. 18 (quoting *Sanders Confectionery Products v. Heller Financial, Inc.,* 973 F.2d 474, 481 (6th cir.1992)).

In the *Tri–Med* action, Tri–Med asserted claims against Supremacy's parent corporation, NCFE, and NCFE's officers and directors, Lance Poulson, Don Ayers, Rebecca Parrett, and David Moses, all of whom are also officers and directors of Supremacy. As the Sixth Circuit Court of Appeals observed:

> [A]lthough NCFE and Supremacy are technically distinct legal entities, they are in fact comprised of the same four individual persons. The same counsel appears and the same arguments are advanced on behalf of all defendants. Furthermore, the issues raised by Tri–Med against each corporation are nearly identical, and they arise from an identical set of facts.

*Tri–Med Finance Company v. National Century Financial Enterprises, Inc.,* 2000 WL 282445, at n. 4 (6th Cir. Mar. 6, 2000). The Court finds Supremacy is in privity with the NCFE defendants as a matter of law.

In the *Prudential* lawsuit, Tri–Med alleged in its complaint that Prudential "combined with the principals of Supremacy to issue hundreds of millions of dollars in securities;" that Prudential "caused the principals of Supremacy and Supremacy to breach their agreements with plaintiff;" and that Prudential "caused the principals of Supremacy to Breach their and Supremacy's obligations to plaintiff under the Partnership Agreement." Moreover, Tri–Med alleged that Prudential entered into contractual relations with Supremacy's principals, thereby establishing contractual privity. The Court finds that Supremacy is in privity with Prudential as a matter of law for purposes of claim preclusion with respect to Tri–Med's counterclaims.

Based on the above, the Court concludes that the requirements for the application of claim preclusion have been satisfied as a matter of law. Supremacy is therefore entitled to summary judgment in its favor.

## IV. Injunctive Relief

Supremacy also seeks a permanent injunction, under the All Writs Act, enjoining Tri-med, and its affiliates from prosecuting any litigation relating to the facts that gave rise to the instant case against Supremacy, the NCFE defendants, or their affiliates. Supremacy argues that the doctrine of claim preclusion bars Tri–Med and its affiliates from raising any new claims against Supremacy or its privies arising from the same set of facts that gave rise to the instant lawsuit, the *Tri–Med* action, and the *Prudential* action.

■ The All Writs Act provides:

The Supreme Court and all courts established by Act of Congress may issue all writs necessary and appropriate in aid of their respective jurisdiction and agreeable to the usages and principles of law. 28 U.S.C. § 1651(a). The All Writs Act authorizes prophylactic injunctive relief to prevent the filing of barred claims. *In re Dublin Securities,* 133 F.3d 377, 381 (6th Cir.1997).

Tri–Med asserts five arguments against the issuance of an injunction under the All Writs Act: (1) under Ohio law, a judgment entered in a lawsuit by a partner does not bar a later action by the partnership; (2) the Sixth Circuit held that there had been no ruling on the merits of Tri–Med's claims against Supremacy, and therefore claim preclusion does not apply; (3) AHCC stands in a different legal relationship to the NCFE defendants than does Tri–Med; (4) AHCC is not barred from raising claims against wrongdoers other than Supremacy or the NCFE defendants; and (5) the Anti–Injunction Act precludes the issuance of an injunction.

■ For the proposition that a judgment entered against a partner does not bar a later action by the partnership, Tri–Med cites *Holloway v. Wilson,* 2000 WL 1062327 (Ohio App. Aug.4, 2000); and *Oda v. Davis,* 81 Ohio App.3d 555, 611 N.E.2d 933 (1992). These cases are distinguishable, however, because in those cases fewer than all of the partners were involved in the prior litigation. In the instant case, in contrast, AHCC had only two partners, and both partners or their privies were parties in each of the four lawsuits that have been filed.

Furthermore, in the instant case, Tri–Med seeks to resurrect a defunct partnership more than eight years after the alleged wrongdoing, and only after several unsuccessful lawsuits on its own behalf. At this point, Tri–Med's actions can only

be viewed as a transparent attempt to use AHCC as its puppet to avoid the consequences of its piecemeal litigation strategy, which clearly violates the doctrine of claim preclusion. Significantly, Tri–Med offers no explanation as to why it waited until this point to take control of AHCC and assert claims on AHCC's behalf. One of the key underlying policy concerns of claim preclusion is the avoidance of piecemeal litigation. *Westwood Chemical Co., Inc. v. Kulick,* 656 F.2d 1224, 1229 (6th Cir.1981). To reward Tri–Med for resorting to such a device at this late juncture would utterly thwart that goal. The Court rejects Tri–Med's first argument against the issuance of an injunction.

■ As the Court stated earlier, that there has been no ruling on the merits of Tri–Med's counterclaims is irrelevant to the application of claim preclusion. Indeed, claim preclusion most often applies to claims that have never been litigated, but which could and should have been asserted in an earlier action. *In re Fordu,* 201 F.3d 693, 703 (6th Cir.1999). The Court therefore rejects Tri–Med's second argument.

■ Tri–Med also argues that AHCC stands in a different position than with respect to the NCFE defendants than does Tri–Med. This argument is likewise unavailing. For purposes of claim preclusion, AHCC is in privity with Tri–Med, regardless of whether their claims are identical. *See Arpadi v. First MSP Corp.,* 68 Ohio St.3d 453, 628 N.E.2d 1335 (1994)(Ohio law recognizes that a partnerships is an aggregate of individuals and not a separate entity). AHCC and Tri–Med are in privity, and the judgments dismissing Tri–Med's claims operate to bar claims by AHCC arising from the same set of facts.

Tri–Med further contends that it is not barred from raising claims against wrongdoers other than Supremacy and the NCFE defendants. But Supremacy does not seek an order enjoining future actions against all potential wrongdoers. Rather, it seeks to enjoin future actions against Supremacy and the NCFE defendants, and those in privity with them. Thus, Supremacy's request is entirely consistent with the doctrine of claim preclusion.

■ Lastly, Tri–Med maintains that the requested injunction is barred by the Anti–Injunction Act. Here, a state lawsuit has not yet been filed, and the Anti–Injunction Act therefore does not apply. 28 U.S.C. § 2283; *see National City Lines, Inc. v. LLC Corp.,* 687 F.2d 1122, 1127 (8th Cir.1982).

Based on the above, the Court finds as a matter of law that Supremacy is entitled to a permanent injunction to prevent the filing of additional piecemeal litigation.

## V. Disposition

Based on the above, the Court **GRANTS** Supremacy's summary judgment motion.

The Court also **GRANTS** Supremacy's motion for permanent injunctive relief.

The Court **PERMANENTLY ENJOINS** Tri–Med Finance Company, Steven Smith, Robert Stevens, and their respective officers, agents, servants, employees, and attorneys, and those persons acting in active concert or participation with them, from commencing or prosecuting any action in any court or adjudicative or administrative forum, against Supremacy Capital Corporation, National Century Financial Enterprises, Inc., National Premier Financial Services, Inc., or their officers, directors, owners, subsidiaries or affiliates, or against Donald H. Ayers, Lance K. Poulsen, Rebecca Parrett, David Moses, or their agents, heirs, assigns, or representatives, that in any way relate to the facts, transactions, or occurrences set forth in or underlying Tri–Med's complaints and

counterclaims filed in the following four actions:

1. *Tri–Med Finance Co. v. National Century Financial Enterprises, Inc., et al.,* Case No. 394CV01245(AVC) (D.Conn.)(Covello, J.)

2. *Tri–Med Finance Co. v. National Century Financial Enterprises, Inc., et al.,* Case No. C–2–95–0964 (S.D.Ohio)(Smith, J.)

3. *Supremacy Capital Corporation v. Tri–Med Finance Co., et al.,* Case No. C–2–95–0038 (S.D.Ohio)(Smith, J.)

4. *Tri–Med Finance Co. v. Prudential Securities, Inc.,* Case No. C–2–96–795 (S.D.Ohio)(Sargus, J.)

The Court retains jurisdiction for purposes of enforcing this injunction.

The Clerk shall enter a final judgment in favor of plaintiff Supremacy, and against defendant Tri–Med, dismissing Tri–Med's remaining counterclaims with prejudice.

The Clerk shall remove this case from the Court's pending cases and motions lists.

The Clerk shall remove **Doc. 148, Doc. 150, Doc. 152, and Doc. 155** from the Court's pending motions list.

**IT IS SO ORDERED.**